THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY COHEN *et al.* Plaintiffs in Error.

*Opinion filed June 24, 1915.*

1. CRIMINAL LAW—*when right to change of venue is absolute.* In a criminal case, if the petition for a change of venue on account of the prejudice of the judge and the accompanying affidavits are in compliance with the statute, the right to a change of venue is absolute.

2. SAME—*notice of an application for change of venue need not be given instantaneously.* The provision of the statute that reasonable notice of an application for change of venue shall be given to the adverse party applies to both parties, and it is not required that notice of an application for change of venue in a criminal case on account of the prejudice of the judge be given instantaneously upon acquiring knowledge of such prejudice.

3. SAME—*when notice of an application for a change of venue is reasonable.* Notice of an application for a change of venue on account of the prejudice of the judge, which is given on the day before the case is set for trial, is reasonable, notwithstanding several continuances have been granted, where it appears from the statements of the affidavits that knowledge of the prejudice of the judge did not come to the 'defendant until the morning of the day the notice was given.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

CHARLES B. STAFFORD, for plaintiffs in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and GEORGE P. RAMSEY, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiffs in error were convicted of larceny and insist that the court erred in denying their application for a change of venue on account of the prejudice of the judge. The petition for a change of venue and the accompanying affidavits complied with the statute and the right to a change of venue was therefore absolute. *Cantwell* v. *People,* 138 Ill. 602.

It is insisted on the part of the People that reasonable notice was not given of the application for a change of venue. There had been several continuances and the case was set for trial on September 14, 1914. On that day the plaintiffs in error, through their attorney, asked for a continuance of three weeks on account of the death of the attorney's partner, who had had charge of the case. The motion was denied about half-past ten o'clock in the morning but a continuance was allowed until the next day. On the same day notice was served of the application for a change of venue, and the affidavits showed that knowledge of that prejudice had come to the plaintiffs in error at ten o'clock in the morning of that day.

It is insisted that no written notice of the application was required; that the plaintiffs in error knew of the alleged prejudice of the judge when they moved for a continuance of three weeks, and that they should then have given notice that they then intended to apply for a change of venue. It was not required that notice should be instantaneously given. The plaintiffs in error were entitled to take time sufficient to put their notice in writing. The reasonable requirement in regard to notice applies to both parties. The plaintiffs in error were entitled to reasonable

268 — 27

time to give the notice, and in view of the statements in the affidavits more than a day's notice was impossible.

The judgment is reversed for the error in denying a change of venue and the cause is remanded for a new trial.

*Reversed and remanded.*