(No. 21436.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ABE SHIFFMAN, Plaintiff in Error.

*Opinion filed October 22, 1932.*

Milton D. Smith, and William W. Smith, for plaintiff in error.

Oscar E. Carlstrom, Attorney General, John A. Swanson, State's Attorney, and J. J. Neiger, (Edward E. Wilson, and Grenville Beardsley, of counsel,) for the People.

Mr. Justice Jones delivered the opinion of the court:

Defendant, Abe Shiffman, was indicted at the November term, 1931, of the criminal court of Cook county for grand larceny. He was admitted to bail in the sum of $5000. A trial before a jury resulted in a verdict of guilty. Motions for a new trial and in arrest of judgment were overruled and the defendant was sentenced to imprisonment in the penitentiary for a term of from one to ten years. A writ of error was issued out of this court to review the proceedings.

The cause was regularly placed on the calendar for trial December 21, 1931. When it was reached, neither the defendant, his bondsman nor his attorney was present. The prosecuting witness was also absent. The trial judge asked whether the defendant was on bail or in jail, and was informed by the clerk that the defendant was on bail. The judge then asked if the bondsman had been notified, and was advised that he had been. The judge inquired for the

prosecuting witness. The assistant State's attorney replied that he guessed the defendant had made his peace with the prosecuting witness. Further inquiry by the judge revealed that the prosecuting witness had not been subpœnaed. When this disclosure was made the assistant State's attorney asked for a week's continuance. The judge had ample reason for suspecting the case was not to be put to trial. He was justified in using the power of his office to see that justice did not miscarry. Defendant's bond was declared forfeited and a *capias* was issued. Bail was raised to $20,000, and the court ordered subpœnas to issue returnable the next morning. At that time the defendant and his bondsman appeared. The forfeiture was set aside and defendant was taken into custody. The prosecuting witness, Henry Stremal, having appeared in answer to a subpœna, was questioned at length about whether any attempt had been made to keep him from appearing as a witness. He stated that the defendant had picked his pocket of $193, and later, when released on bail, returned that sum to him and gave him seven dollars in addition. The witness also said that the defendant told him to buy a new hat with the seven dollars and not to appear in court. The trial judge was greatly incensed over the situation and ordered the defendant to be brought into court and a jury impaneled for an immediate trial. When the defendant appeared the judge asked him if he had a lawyer. He replied, "Cantwell." Cantwell was not present, but the judge, without any delay, appointed the public defender to represent the defendant. Thereupon the defendant told the judge he desired a change of venue, and the judge replied, "You will get nothing." The public defender was present in the court room and expressed a wish to talk with the defendant. The judge allowed five minutes for that purpose but would not permit the conversation to take place in a private room. As soon as the conference between the attorney and client had terminated the attorney again advised the judge that the

defendant desired a change of venue. The judge replied, "He won't get anything." The public defender protested that he had not had an opportunity to prepare for trial and that defendant had employed an attorney, to whom he had paid a fee. The judge insisted upon an immediate trial and a jury was impaneled and sworn. He conducted a considerable part of .the direct examination of the prosecuting witness. At the conclusion of the evidence offered by the People the public defender stated to the judge, in the absence of the jury, that the defendant "feels that he does not want to take the witness stand, that he is not receiving a fair trial, and that he is being rushed into the trial." The judge then indulged in a severe criticism of the defendant and all pick-pockets.

Many errors have been assigned, but it would serve no useful purpose to discuss all of them. It is sufficient to say that the trial judge had become so provoked because of what appeared to him to be a deliberate attempt to interfere with a judicial proceeding that he made a number of remarks which he should have omitted.

The right to a change of venue from a judge in a criminal case on compliance with the statute is absolute. (*People v. Cohen*, 268 Ill. 416; *Cantwell v. People*, 138 id. 602; *People v. Rosenbaum*, 299 id. 93.) However, it is urged by the People that no application for a change of venue was made in the manner provided by statute. This is true, but the court's positive statement that a change of venue would not be allowed not only relieved the defendant from making a formal application but prevented him from doing it. The defendant was required to plead, a jury was impaneled and a trial entered upon over the protest of the defendant. It is not for the judge to determine whether or not he entertains prejudice against the defendant. In a criminal case, when a defendant in apt time brings himself within the terms of the statute the trial judge has no discretion as to whether or not a change of venue will be

granted. He must allow it as a matter of right. He can not question the truthfulness or the good faith of the charge of prejudice. When the statute has been complied with, the trial judge loses all power and authority over the case except to make the necessary orders to effectuate a change of venue. (*Cantwell* v. *People, supra.*) In this case the judge should have given the defendant an opportunity to prepare an application in the form prescribed by the statute and should not have summarily denied the defendant's right to apply for a change.

Where a cause is tried before a jury the trial judge must not indulge in extensive questioning or indicate by his conduct either favor or disfavor toward the parties or witnesses. (*People* v. *Giacomino,* 347 Ill. 523.) In *People* v. *Bernstein,* 250 Ill. 63, it was held that the examination of witnesses is the more appropriate function of counsel, and that instances are rare and conditions are exceptional which will justify a presiding judge in conducting an extensive examination. We still adhere to the belief that a trial judge should neither be prosecutor nor defender.

The appointment of a public defender in this case was not justified. The law does not contemplate the appointment by the court of counsel for a defendant charged with crime unless he is unable to procure counsel for himself. He must do so if he is able. Not only that, he has the right to be represented by counsel of his choice. The defendant told the court whom he had employed, and although it does not appear why the attorney was not present at the trial, no inquiry was made concerning the cause of his absence. On the whole, it seems that the appointment was prematurely made.

Notwithstanding the public defender's lack of knowledge of the case he was not allowed a reasonable time in which to acquaint himself with the facts or to prepare for defense before going into trial. Whether guilty or innocent, defendant was entitled to a fair trial. One of the

recognized essentials of such a trial is a reasonable opportunity for the defendant to acquaint his attorney with the nature of his defense. Another is a reasonable opportunity for the attorney to prepare for the trial. (*People* v. *Bopp*, 279 Ill. 184.) Neither of these opportunities was afforded the defendant.

For the reasons pointed out, the judgment of conviction is reversed and the cause is remanded to the criminal court of Cook county for a new trial.

*Reversed and remanded.*