(No. 21726.—

THE PEOPLE *ex rel.* James Romani *et al.* Plaintiffs in Error, *vs.* WILLIAM D. MEYERING, Sheriff, Defendant in Error.

*Opinion filed April 22, 1933—Rehearing denied June 9, 1933.*

MICHAEL A. ROMANO, (WM. SCOTT STEWART, of counsel,) for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

Plaintiffs in error, James Romani and Eugene Romani, were arrested on October 4, 1932, in the city of Chicago and taken before the chief justice of the criminal court of Cook county, where it was explained to them, as required by statute, that they were held by the sheriff of Cook county by virtue of a warrant of the Governor of Illinois for their extradition to the State of Ohio. Thereupon they filed a sworn petition for a writ of *habeas corpus,* which the court ordered issued and set the hearing thereon for October 6, 1932. The cause was continued to October 7, at which time they each filed a petition for a change of venue on the ground of the prejudice of the judge. The change of venue was denied. The trial judge then proceeded to hear the evidence in the cause, and as a result of such hearing plaintiffs in error were ordered remanded and turned over to the messenger named in the warrant, for delivery to the State of Ohio. To review the record of this proceeding plaintiffs in error have sued out a writ of error from this court.

The petitions for change of venue were each in regular form and each petitioner stated that he had no knowledge of the prejudice prior to October 6, 1932. It is claimed for plaintiffs in error that the court erred in not granting the change of venue. While an assistant State's attorney appeared and resisted the granting of such change, no notice was given to the State's attorney of the proposed filing of such petitions. Section 5 of the Venue act provides: "The application may be made to the court in which the case is pending, in term time, or to the judge thereof in vacation, reasonable notice thereof having been given to the adverse party or his attorney." In *Hunt* v. *Tinkham*, 21 Ill. 639, where a petition for a change of venue was denied which was filed on October 23, 1857, and the petition stated that the knowledge on which the application was based first came to petitioner on October 22, 1857, this court said: "The court properly overruled the motion to change the venue. No notice of the motion was given, and the statute positively requires a notice. It is a misapprehension to say that here no notice could have been given. It is certain that at least one day's notice could have been given, for the affidavit is made the day before the motion, and there is no excuse shown why notice was not given as the statute required." In *Marble* v. *Bonhotel*, 35 Ill. 240, on this subject it is said: "The statute requires that notice of an intended application for a change of venue shall be given to the opposite party. This requirement cannot be dispensed with unless formally waived by the opposite party." In *Miller* v. *Pence*, 132 Ill. 149, where a similar motion was filed, it contained the allegation "that a knowledge of such prejudice did not come to the petitioners until yesterday." It was held that the court properly overruled the application for a change of venue, and said: "The fact that appellee appeared and resisted the application has no bearing on the question. The appearance was no waiver

of the statutory requirement." Here the court properly overruled the petitions for change of venue.

The warrant of the Governor of Illinois under which the sheriff of Cook county was holding plaintiffs in error contained this recital: "The Governor of the State of Ohio demands of me the arrest and delivery of Eugene Romanio, alias Gene Ramanio, and James Romanio, alias James Ramanio, as fugitives from justice, and has produced and laid before me a copy of a complaint certified as authentic by the said Governor and duly authenticated, and charging the said Eugene Romanio, alias Gene Ramanio, and James Romanio, with having committed on the 23d day of July, A. D. 1932, in the village of Hamler, in the said, State of Ohio, the crime of entering a bank and committing a felony with fire-arms," etc.

Whenever the executive authority of any State demands any person as a fugitive from justice of the executive authority of another State to which such person has fled, as a basis for such demand he must produce a copy of an indictment found or an "affidavit" before a magistrate charging the person demanded with having committed a crime in the demanding State, certified by the Governor of the State from which the person so charged has fled. (U. S. C. A. title 18, sec. 662.) In the Governor's warrant under which plaintiffs in error were in custody, the Governor of Illinois recited that the Governor of Ohio "has produced and laid before me a copy of a complaint certified as authentic by the said Governor and duly authenticated," etc. It is plaintiffs in error's contention that no proper complaint was before the Governor of Illinois, and that his mere recitation that there had been laid before him a complaint is not sufficient when it is made to appear that he had no such document, and that, therefore, the United States statute governing the return of fugitives from justice, cited above, had not been complied with. The demand of the Governor of Ohio upon the Governor of Illi-

nois, and the papers accompanying it, including the complaint mentioned, were introduced in evidence. The complaint mentioned is, in fact, an affidavit made before the magistrate charging plaintiffs in error with the commission of the crime for the perpetration of which they were sought to be returned to Ohio and fully complied with the requirements of the statute. It was both a complaint and an affidavit. The requirements of the United States statute were fully met.

Plaintiffs in error introduced the testimony of witnesses that on the date of the alleged commission of the crime with which they were charged they were not in the State of Ohio but were in the State of Illinois, and also testimony that neither plaintiff in error had ever been in the village of Hamler, Ohio. The cashier and assistant cashier of the Hamler State Bank of Hamler, Ohio, testified that on the date in question their bank was robbed by plaintiffs in error, both of whom they identified as being present and participating in the robbery. When it is conceded or so conclusively proved that no question can arise that the person was not within the demanding State when the crime is alleged to have been committed, and his arrest is shown on the ground, only, of a constructive presence at that time in the demanding State, the court will discharge the defendant, but the court will not discharge a defendant arrested under the Governor's warrant where there is merely contradictory evidence on the subject of his presence in or absence from the State, as *habeas corpus* is not the proper proceeding to try the question of *alibi* or any question as to the guilt or innocence of the accused. *People* v. *Traeger,* 340 Ill. 147; *Munsey* v. *Clough,* 196 U. S. 364, 49 L. ed. 515.

The evidence in the *habeas corpus* proceeding failing to show that either plaintiff in error was entitled to his discharge, they were rightfully remanded to the custody of the sheriff to await the messenger from the State of Ohio.

*Order affirmed.*