(No. 31064.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM J. DIECKMAN, Plaintiff in Error.

*Opinion filed Sept. 22, 1949—Rehearing denied November 21, 1949.*

THADDEUS C. TOUDOR, and ZOE KUTA, both of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, W. S. MIROSLAWSKI, RUDOLPH L. JANEGA, EDMUND H. GRANT, and IRVING LANG, all of Chicago, of counsel,) for the People.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

By two indictments returned in the criminal court of Cook County, plaintiff in error was charged respectively with robbery and assault with attempt to commit rape. At his arraignment on January 14, 1948, a plea of not guilty was entered as to each indictment, and the right to a trial by jury was waived. By stipulation of counsel the the two cases were tried at the same time. At the conclusion of the testimony defendant was found guilty of each offense and sentenced to the penitentiary on each charge for a term of not less than thirteen years nor more than fourteen years, the sentences to run concurrently. A writ of error has been issued out of this court to review the proceedings.

Several errors have been assigned. It is unnecessary, however, to discuss all of them, as we conclude that a failure of the court to afford defendant an adequate opportunity to obtain a change of venue requires a reversal.

The record discloses that on February 27, 1948, the cause was assigned to the present judge, and was reached

for trial on March 2. On that day the defendant presented a petition for change of venue, alleging his belief that the trial judge was prejudiced against him. The petition was not accompanied by a supporting affidavit of his attorney, and was accordingly denied. Defendant's contention that the court misconstrued the statute in this respect is without merit, as it explicitly requires that "When the cause for a change of venue is the prejudice of the judge or any two of them against the defendant or his attorney, the petition shall be accompanied by the affidavits of the defendant and his attorney, stating that they believe the judge, or any two of them, as the case may be, are so prejudiced against the applicant or his attorney, that he cannot have a fair and impartial trial, * * *." (Ill. Rev. Stat. 1947, chap. 146, par. 21.) As the right to a change of venue is statutory, the applicant must bring himself within the statutory requirements. While not affecting the determination of the issue herein, this section in its present form now requires only the affidavit of the defendant or that of his attorney, the amendment having been adopted at the last session of the General Assembly.

Defendant further maintains, however, that the court erred in denying him leave to file an additional petition complying with the prescribed requirements. After defendant's petition had been denied, his attorney moved the court for permission to withdraw it and substitute a new petition. This motion was denied. A further motion for a continuance to the following day to amend the petition by filing a proper affidavit was likewise denied, the judge insisting upon an immediate trial. In this we think the court was in error. Under the circumstances disclosed by this record an opportunity should have been given the defendant to prepare an application in the form prescribed by the statute. Until three days before the trial defendant did not know that his case would be heard by the particular judge before whom it was tried. It can hardly be con-

tended, therefore, that his motions were not made in apt time. The statutory provision that no more than one change of venue shall be granted (Ill. Rev. Stat. 1947, chap. 146, par. 26,) cannot be construed to preclude more than one application, where none has been granted. The language of this provision is plain and unambiguous. It applies only where one change has been granted, not merely applied for.

We have heretofore observed that "Statutory provisions authorizing a change of venue upon conditions prescribed should receive a liberal, and not a strict, construction. Such statutes should be construed to promote rather than to defeat the right to a change of venue, especially where prejudice on the part of the judge is charged." (*People* v. *McWilliams*, 350 Ill. 628, 632.) This is in accord with the spirit of our law, which demands that every case shall be fairly and impartially tried, and that where any serious question exists as to prejudice on the part of the judge he should not preside therein. To hold that a defendant whose petition is denied for failure to comply with the statute thereby forfeits his right to make a timely application in proper form would be to defeat rather than to promote the purpose of the law. We can perceive no compelling reasons for so restricting the right.

While defendant did not comply with the statute in the petition presented, the court's positive ruling that no amendment or new petition would be permitted prevented defendant from doing so. The law requires not only that a petition in the prescribed form must be allowed, but also that an opportunity be afforded defendant to prepare such application. (*People* v. *Shiffman*, 350 Ill. 243.) We conclude that defendant was not given a reasonable opportunity to present a petition in proper form.

There is no basis for defendant's contention that the court erred in placing him on trial for two separate offenses at the same time. Such action was taken pursuant to a

stipulation joined in by counsel of defendant's own selection. The right to separate trials for separate and distinct offenses can be waived, (*People* v. *Skaggs,* 398 Ill. 478, . cert. den. 333 U.S. 849,) and where defendant expressly consents to the procedure no error can be assigned thereon.

For the error in denying a reasonable opportunity to present a petition for change of venue, the judgments of conviction are reversed and the cause remanded to the criminal court of Cook County for a new trial.

*Reversed and remanded.*