(Nos. 36553, 36557 Cons.—

The People of the State of Illinois, Defendant in Error, *vs.* George Mosley *et al.,* Plaintiffs in Error.

*Opinion filed May 25, 1962.*

MILES N. BEERMANN and HEROLD L. RIFKIN, both of Chicago, appointed by the court, for plaintiffs in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and ELMER C. KISSANE, Assistant State's Attorneys, of counsel) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendants, George Mosley and Clinton Smith, were indicted for the crime of robbery. They both pleaded not guilty, waived a jury, and were each found guilty and sentenced to the penitentiary for a minimum of 5 years and a maximum of 8 years. The defendants prosecute these consolidated writs of error.

It is the contention of the defendant George Mosley that the trial court erred in denying his petition for a change of venue based on the prejudice of the trial judge and in denying a continuance so that counsel of his choice would be afforded adequate time to prepare his defense. The defendant Clinton Smith also contends that the trial court erred in denying his petition for a change of venue.

In answer to defendants' contentions, the State asserts that the petitions for change of venue failed to comply with the express requirements of the change of venue statute (Ill. Rev. Stat. 1961, chap. 146, par. 26), that no notice of said petitions for change of venue was given to the State's Attorney, and that said petitions were filed for the obvious purpose of delaying the trial. The State further argues that Mosley's motion for a continuance in order for him to be represented by a counsel of his choice was only for the purpose of avoiding a trial.

The record discloses that on December 14, 1960, both defendants were arraigned before the chief justice of the criminal court, entered pleas of not guilty, and requested the appointment of the public defender. The public defender was appointed for both defendants and the case assigned to Judge David Canel. On the same date Judge Canel ordered the cases set for trial on January 30, 1961. The record does not indicate that either defendant appeared in court at any time between December 14, 1960, and January 30, 1961. On January 30, 1961, the case came up before the trial judge. When the case was called, the assistant public defender filed George Mosley's written petition and affidavit for a change of venue alleging, in the language of the statute, the prejudice of the trial judge and another judge of that court, and stating that such knowledge first came to the defendant Mosley on Friday, January 27, 1961. Although the State contends that written notice was not given to the State's Attorney and the codefendant Smith prior to the filing of the petition, as provided by the statute, the record reveals that the assistant public defender advised the trial judge that notice came to him of defendant Mosley's request after 5 P.M. on Friday, that he came down to his office on Saturday and prepared a petition and served notice on the State's Attorney and entered it in the motion book for Monday, January 30, 1961. The State's Attorney did not at that time, or at any time, deny that he had received such notice. Immediately thereafter the trial judge, upon stating that the trial was set for that morning, denied the motion. After the motion was denied, the defendant Mosley asked the court why it was denied and the judge stated that he did not have to explain. Then the assistant public defender stated that he would like to present a like petition for a change of venue on behalf of the defendant Clinton Smith on the same basis. He advised the trial judge that defendant Smith's desire for a change of venue had just come to his attention earlier that morning and that he had not had

a chance to prepare a formal petition, and thereupon asked leave of the court to prepare and file it. In response to this, the trial judge said "Yes, you may file it—same ruling —and we will go to trial." Upon being advised that defendants wanted a jury trial, the case was continued to February 7, 1961. On that date, the assistant public defender asked leave to file the formal petition for change of venue that he had told the trial judge he would file. At that time the trial judge stated "All right, let it be filed. It was considered at the time of the oral motion." Whereupon the court entered the same ruling as he had on the oral motion.

We have examined the petition for change of venue of the defendant Mosley on the·basis of the prejudice of the trial judge, and the supporting affidavit, and there is nothing to indicate that they fail to comply with the statutory provisions relative thereto. In the case *People* v. *Shiffman*, 350 Ill. 243, this court stated at page 246: "The right to a change of venue from a judge in a criminal case on compliance with the statute is absolute. (*People* v. *Cohen*, 268 Ill. 416; *Cantwell* v. *People*, 138 id. 602; *People* v. *Rosenbaum*, 299 id. 93) * * *. It is not for the judge to determine whether or not he entertains prejudice against the defendant. In a criminal case, when a defendant in apt time brings himself within the terms of the statute the trial judge has no discretion as to whether or not a change of venue will be granted. He must allow it as a matter of right. He cannot question the truthfulness or the good faith of the charge of prejudice. When the statute has been complied with, the trial judge loses all power and authority over the case except to make the necessary orders to effectuate a change of venue. (*Cantwell* v. *People, supra*)." We have previously indicated that the State's Attorney did not deny that he received notice of Mosley's petition. Although the trial judge stated he did not have to explain his ruling, there is a colloquy in the record, after the trial judge ruled on Mosley's change of venue, between Mosley and the trial

judge in which Mosley accused the trial judge of being prejudiced against negroes and against persons who have a criminal record. Said colloquy also contains certain questioning of the defendant Mosley regarding the judge's prejudice, and answers thereto. The State has cited *People v. Stewart*, 20 Ill.2d 387 as authority for the proposition that "the court may look to see if the defendant is really seeking to have his trial before a judge who is not prejudiced against him or merely seeking to avoid trial." The *Stewart* case is unlike this case in that Stewart's apparent attempt to avoid any trial of the cause was indicated by his many delaying continuances and we therefore held that the court did not err in denying his motion at that late date.

We have previously noted that there were no requests for continuances made by the defendant Mosley prior to the filing of his petition for change of venue and the only continuance requested by Mosley was made after the trial judge had ruled adversely on his petition for change of venue. It is clear that the right to a change of venue from a judge on a basis of a judge's prejudice in a criminal case is absolute upon compliance with the statute, subject only to the qualification stated in the *Stewart* case, that where the defendant has, by motions for continuances or by other acts, as in *People v. Beamon, ante,* p. 562, apparently attempted to delay or to avoid any trial prior to presenting a motion for change of venue, the trial judge may inquire into the good faith of the motion. In the case at bar we hold that the trial judge abused his discretion in questioning the defendant Mosley regarding the judge's prejudice after he had ruled adversely on said motion. Under the circumstances here present, the trial judge had no discretion but to grant a change of venue.

The record does not reveal whether defendant Mosley did or did not give notice to his codefendant Clinton Smith of his application for a change of venue as required by section 26 of the Venue Act. We fail to see how this is perti-

nent to the issue herein presented. In any event, it is not apparent that notice or lack of notice, on either the State's Attorney or codefendant, influenced the judge in his decision at all or was the basis of his decision.

As we have decided that the trial court erroneously refused to grant defendant Mosley's change of venue, we will not consider Mosley's contention that he was denied his constitutional right to be defended by a counsel of his own choosing because of the trial judge's refusal to grant him a continuance for counsel of his choice to prepare his defense.

We now turn to the contention of the codefendant Smith that his petition for a change of venue on the basis of the trial judge's prejudice complies with the statute and its denial constitutes reversible error. The State makes the same contention here as it did in the case of his codefendant George Mosley—that the petition and affidavit did not comply with the statute and that no notice was given to the State's Attorney and the codefendant. It is true that this defendant's original motion for change of venue was oral, the petition was denied, and leave was asked to file a written petition for change of venue and affidavit on February 7, 1961. It is also true that this defendant's attorney, the public defender, stated on January 30, when the case was called for trial, that Smith's reason and desire for a change of venue had just come to his attention earlier that morning and he had, therefore, not yet had a chance to prepare a formal petition.

Statutory provisions authorizing a change of venue upon conditions prescribed should receive a liberal and not a restricted construction. Such statutes should be construed to permit rather than to deny the right to a change of venue, especially where prejudice on the part of the judge is charged. (*People* v. *Dieckman,* 404 Ill. 161; *People* v. *McWilliams,* 350 Ill. 628.) In the case of *People* v. *Dieckman,* 404 Ill. 161, at page 164 this court held: "To hold that a defendant whose petition is denied for failure to comply

with the statute thereby forfeits his right to make a timely application in proper form would be to defeat rather than to promote the purpose of the law. We can perceive no compelling reasons for so restricting the right. While defendant did not comply with the statute in the petition presented, the court's positive ruling that no amendment or new petition would be permitted prevented defendant from doing so. The law requires not only that a petition in the prescribed form must be allowed, but also that an opportunity be afforded defendant to prepare such application. (*People* v. *Shiffman,* 350 Ill. 243.) We conclude that defendant was not given a reasonable opportunity to present a petition in proper form."

In the *Shiffman* case this court also stated: "The right to a change of venue from a judge in a criminal case on compliance with the statute is absolute. (*People* v. *Cohen,* 268 Ill. 416; *Cantwell* v. *People,* 138 id. 602; *People* v. *Rosenbaum,* 299 id. 93.) However, it is urged by the People that no application for a change of venue was made in the manner provided by statute. This is true, but the court's positive statement that a change of venue would not be allowed not only relieved the defendant from making a formal application, but prevented him from doing it * * *. In this case the judge should have given the defendant an opportunity to prepare an application in the form prescribed by the statute and should not have summarily denied the defendant's right to apply for a change."

At the time defendant Smith's written petition for a change of venue and affidavit were allowed to be filed on February 7, 1961, he had asked for no previous continuance. The record does not reveal that he was ever in court between December 14, 1960, and January 30, 1960. The continuance for trial to February 7, 1961, after denial of both defendants' change of venue petitions, was made upon defendant Mosley's representation that one of the witnesses had been "shipped" to Vandalia. The court thereupon continued the

case to February 7 in order to secure the presence of the witness from Vandalia. On February 7, when presented with defendant Smith's written petition and affidavit, there was no comment at all by the State's Attorney concerning notice or anything else pertaining to the petition and affidavit, but merely the statement of the trial judge that the petition was considered at the time of the oral motion and, therefore, denied. Notwithstanding anything to the contrary this court might have said in *People ex rel. Romani* v. *Meyering,* 352 Ill. 436, relied upon by the State, we feel that the law on this subject has been properly stated in the *Dieckman* and *Shiffman* cases.

It was, therefore, error for the trial judge to deny the change of venue requested by defendant Smith, as well as to deny the change of venue requested by defendant Mosley. For the error in denying each defendant's petition for change of venue, the judgments are reversed and the cause remanded to the criminal court of Cook County for a new trial.

*Reversed and remanded.*