People of the State of Illinois, Plaintiff-Appellee, v. Carl D. Nunn (Impleaded), Defendant-Appellant.

Gen. No. 52,956.

First District, First Division.

October 13, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Clare Hillyard and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, and Robert Kelty, Special Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendant, Carl D. Nunn, seeks reversal of his conviction for the crime of theft from the person. The defendant was found guilty in a bench trial and sentenced to not less than one nor more than three years, while a codefendant, Elton Mackey, was found not guilty by the trial court. On this appeal, the defendant has raised and argued the issue that he was denied a fair trial and effective assistance of counsel because a Chicago Transit Authority police officer advised a prosecution witness not to discuss the case with defendant's counsel.

The facts will be summarized, since defendant does not challenge the sufficiency of the evidence. On May 17, 1965, the complaining witness, Edith Sider, was walking south on the State Street subway platform at Washington and Madison streets, at approximately 5:15 p. m. A man walking behind her slipped the complaining witness' purse off her arm and ran past her in a southerly direction, accompanied by another individual. David Rollins was attracted by Mrs. Sider's screams and looked to see two men running with one individual carrying a purse. Mr. Rollins' location was a few feet from Mrs. Sider, so the men ran past his location. Two Chicago Transit Authority officers, Donald Dausinas and John Leitner, were on patrol and located to the north of Mrs. Sider when she screamed. They observed the two individuals running in a southerly direction, with one of them carrying the complaining witness' purse and then throwing the purse upon the "L" tracks while continuing to run from the scene. The officers identified themselves and apprehended the defendant and Elton Mackey. Both C.T.A. officers and Mr. Rollins identified the defendant, Carl D. Nunn, as the person they saw running with Mrs. Sider's purse. The defendant denied taking the purse.

The defendant states that during a trial recess his counsel attempted to interview David Rollins prior to that witness' testimony. The witness refused to discuss the case because the C.T.A. officer, Dausinas, told him not to talk with defense counsel. The argument was urged that the C.T.A. police officer was an agent of the State, so that his advice to Mr. Rollins was as if the prosecuting attorney had told the witness not to talk

with defense counsel. On these grounds, defendant contends a denial of a fair trial and effective assistance of counsel. We are not persuaded by defendant's argument.

We do not agree that defendant was denied a fair trial and effective assistance of counsel when Dausinas, the C.T.A. police officer advised the State witness Rollins, not to talk to defense counsel during a pretrial interview. In People v. Mitchell, 16 Ill App2d 189, 147 NE2d 883 (1958), the court held:

> "While it is not consistent with our standards of procedure for a prosecuting attorney to direct witnesses not to talk with defense counsel, it is clear that these witnesses were not required to discuss their testimony with counsel, nor would a court be required to enter an order directing that such witnesses be produced in court so that counsel could interview the witnesses (People v. Duncan, 261 Ill 339)."

The record also discloses that no attempt was made by defense counsel to interview the witness, either before trial or by requesting leave of court to accomplish that task. The record does reveal that Mr. Rollins was a potential witness from a list of witnesses filed almost a month before trial. The choice of the witness in discussing a case has always been recognized. The fact that another witness advised Mr. Rollins of that fact cannot be urged as error by the defendant. In this regard, we acknowledge the case of United States v. Bowens, 318 F2d 828 (7th Cir 1963), cert den 375 US 911, where a similar issue was decided. There, the defendant argued that a government agent's advice to a government employed informer that the latter need not discuss the case with defense counsel was a denial of the right to counsel. The court found no prejudice resulting from such advice given to a prosecution witness.

Therefore, we have decided that defendant's contention is without merit and we affirm the decision of the trial court.

Judgment affirmed.

BURMAN, P. J. and MURPHY, J., concur.