THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT G. PETERSON, Defendant-Appellant.

Second District   No. 77-170

Opinion filed March 20, 1979.

Ralph Ruebner and Paul J. Glaser, both of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Jan Tuckerman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

The defendant, Robert G. Peterson, was charged by way of information with multiple offenses arising from an occurrence in Woodridge, Du Page County, July 10, 1976. Counts of intimidation and unlawful restraint were dismissed at arraignment for lack of probable cause; one count of armed violence was nol-prossed prior to trial; and a directed verdict was entered as to attempted armed robbery, burglary and an intimidation count. At the close of the jury trial the defendant was

found guilty of two counts of armed violence and one count of unlawful restraint. He was found not guilty of one count of unlawful restraint and the court vacated the jury's verdict on the other count of unlawful restraint. He was sentenced to two concurrent terms of one to three years imprisonment on the two counts of armed violence.

The defendant appeals, alleging the trial court erred in denying his pretrial motion for a continuance and in thereafter denying his motion for substitution of judge in violation of sections 114—4, 114—5(a), (c), and, in part, 114—4(i), respectively, of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—4, 114—5(a), (c), and 114—4(i)). After reviewing the record and weighing the arguments presented we are of the opinion that the judgment of the Circuit Court of Du Page County should be affirmed.

Testimony at the trial reveals that the defendant and two other armed men, Richard Sheppard and David Rostech, entered the home at 6318 Arnold Drive, Woodridge, Illinois, at about 10 p.m. the evening of July 10, 1976. Present in the home were Edward Hruby, a 69-year-old man with a heart condition, and his 14-year-old granddaughter, Lisa Ferrara, and her boyfriend, John Nello, who also resided in the house. It appears the defendant announced that he wanted $3,000 from Mike Pender, who is described as the boyfriend of Hruby's daughter, Susan Pender, neither of whom were at home. The defendant advised Susan Pender over the telephone that he wanted $3,000, a gun and a briefcase or he would shoot the people in the house. The police were notified and arrived at the house, whereupon in short order, each of the armed men and the defendant left the house and were apprehended. No issues concerning the facts are raised on appeal.

The defendant first argues that under the provisions of section 114—5(a) (Ill. Rev. Stat. 1975, ch. 38, par. 114—5(a)), the trial court's refusal to transfer the case to another court after proper and timely motion for substitution of judge constituted a denial of the defendant's right to a trial before an impartial and unbiased tribunal and constitutes reversible error. The record shows that the cause was assigned for trial on November 29, 1976. On that date and just prior to trial the defendant moved for a continuance arguing the defendant's ill health; failure of the People to notify defendant of the change of address of a witness; and, the knowledgeable and voluntary withholding of that information by the People. These issues are more fully examined later in this opinion. Upon the denial of the motion for continuance the defendant moved for substitution of judge which was denied by the trial court. Thereafter the trial proceeded for six days culminating in the jury's verdict of guilty.

■■ We first address the defendant's issue of the trial court's refusal to grant his motion for substitution of judge under section 114—5(a) of the

statute (Ill. Rev. Stat. 1975, ch. 38, par. 114—5(a)). The right to a change of venue for prejudice of the judge is absolute. (*People v. Davis* (1957), 10 Ill. 2d 430, 140 N.E.2d 675, *cert. denied* (1957), 355 U.S. 820, 2 L. Ed. 2d 35, 78 S. Ct. 25.) The venue provisions should receive liberal rather than strict construction and should be construed to promote rather than defeat application for change of venue, particularly where prejudice on the part of the judge is charged. *People v. Scott* (1965), 63 Ill. App. 2d 232, 211 N.E.2d 418; *People v. Smith* (1963), 28 Ill. 2d 445, 192 N.E.2d 880; *People v. Kostos* (1961), 21 Ill. 2d 451, 173 N.E.2d 469; *People v. Dieckman* (1949), 404 Ill. 161, 88 N.E.2d 433.

However, these rules are predicated upon a good-faith allegation of prejudice of the court and not for the purposes of delay. In *People v. Davis* (1957), 10 Ill. 2d 430, 140 N.E.2d 675, the Illinois Supreme Court affirmed the denial of a motion for substitution of judge under the predecessor statute (Ill. Rev. Stat. 1955, ch. 146, par. 21) upon examining the colloquy between the trial court and counsel and finding that counsel suggested that the matter be put over for a month before the same judge. The supreme court said:

> "In view of this statement we conclude that the allegation of prejudice was without foundation; that the petition was filed for the purpose of delay; that the alleged prejudice of the trial judge was waived; and that the trial court properly denied the petition for change of venue." 10 Ill. 2d 430, 434-35, 140 N.E.2d 679.

The defendant urges this court to follow its decision in *People v. Gregory* (1958), 16 Ill. App. 2d 576, 149 N.E.2d 198, wherein there was a substitution of counsel and the new counsel made a pretrial motion for a continuance on the day set for trial which was denied. He thereafter made a motion for substitution of judge which was also denied. On appeal this court held it was in error to have denied the motion for substitution. The court distinguished the *Davis* case by reciting the colloquy between the trial court and counsel in that case, which served to negate prejudice as the true motive for the motion. The court found nothing to indicate any motive other than prejudice as the purpose of the motion for substitution of judge in the *Gregory* case. We believe, therefore, that the *Gregory* case is distinguishable on its facts from the instant case.

Illinois cases have consistently held that the trial court may take cognizance of the circumstances surrounding the motion for substitution of judge and may determine in the appropriate case that the motion is not in good faith but for delay. The most concise statement of the rule is found in *Hoffmann v. Hoffmann* (1968), 40 Ill. 2d 344, 239 N.E.2d 792, where after citing the general rules as to liberal construction, absolute right to a change of venue, timeliness requirements and others, the court said:

"However, where it appears that the petitioner has by motions for continuances or other conduct attempted to delay or avoid trial prior to his motion for change of venue, the trial court can inquire into the good faith of the petitioner's motion. (See *People v. Mosley* [1962], 24 Ill. 2d 565, 569[, 182 N.E.2d 658].) If it becomes apparent that the request is made only to delay or avoid trial, the denial of the petition for change of venue does not constitute error. *People v. Beamon* [1962], 24 Ill. 2d 562[, 182 N.E.2d 656], *People v. Stewart* [1960], 20 Ill. 2d 387[, 169 N.E.2d 796], *People v. Davis* [1957], 10 Ill. 2d 430[, 240 N.E.2d 675]." 40 Ill. 2d 344, 348, 239 N.E.2d 792, 794.

The record in the trial court, in the instant case, indicates that after thoroughly argued motions for a continuance which were denied, the defendant then moved for a substitution of judge. The totality of the record confirms that the purpose of the motion for substitution was not for prejudice of the judge but as an alternative motion for a continuance. While the defendant does not have to establish actual prejudice under section 114—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—5(a)), the discussions between defendant's counsel and the trial court related exclusively to the defendant's grounds for his earlier motion for a continuance. The following colloquy is characteristic of those discussions:

"The Court: Didn't you have an opportunity before you asked for a motion for a continuance—are you going to ask for a motion for continuance before a new judge?

Mr. Hickman: Yes. I feel my client's health would—

The Court: Motion for change of judges will be denied on the basis I have already made a ruling on the motion. You had the opportunity to make that motion prior to my ruling. I am not going to let you judge shop around the courthouse until you find a judge who will give you a continuance."

■■ Counsel for the defense negated that the purpose of his motion was for prejudice and admitted it was for the purpose of making another motion for continuance on the basis of ill health before another judge. We believe this brings the case squarely in line with *Davis* and *Hoffman* and distinguishes it from this court's holding in *Gregory*. Consequently, we find no error in the trial court's denial of the motion for substitution of judge.

We next address the defendant's argument that the trial court erred in denying his motion for continuance. In support of this motion, defendant alleged that: (1) the People purposely withheld the correct address of one of the complaining witnesses, obstructing his efforts to present an informed and adequate defense; (2) his ill health undermined his

opportunity to assist counsel in the preparation of his defense; (3) his illness may be aggravated by a court appearance; and (4) his taking of medication during the trial would create an adverse impression before the judge.

■■ It is well settled that a motion for continuance is addressed to the sound discretion of the trial court and "shall be considered in the light of the diligence shown on the part of the movant." (Ill. Rev. Stat. 1975, ch. 38, par. 114—4(e).) The action of the trial court will not be disturbed on appeal absent on abuse of discretion. (*People v. Hayes* (1972), 52 Ill. 2d 170, 287 N.E.2d 465.) Whether there has been an abuse of discretion depends on the particular facts and circumstances of each case. (*People v. Clark* (1956), 9 Ill. 2d 46, 137 N.E.2d 54.) Where a continuance is sought on the basis of the defense counsel's lack of preparation, the determination of whether the denial of the motion is an abuse of discretion is to be considered in light of the diligence shown on the part of the defendant and the extent to which the denial embarrasses the defendant in the preparation of his case and prejudices his rights. (*People v. Jefferson* (1976), 35 Ill. App. 3d 424, 342 N.E.2d 185.) On the facts presented in the case at bar, we hold that the trial court did not abuse its discretion in refusing to grant a continuance.

The defendant initially contends that the People failed to notify him of the change of address of Lisa Ferrara, a complaining witness, in violation of its duty to disclose information subject to discovery. This, defendant asserts, severely undermined his ability to prepare and present an adequate defense. The record, however, belies this argument. It is clear that the defendant had the complaining witness' correct address (the site of the incident) until she moved to a new address which was promptly disclosed to the defendant in the People's answer to defendant's motion for discovery filed September 16, 1976. It was not until November 1, 1976, that she moved to Chattanooga, Tennessee, more than two months after the information had been filed and more than three months after counsel had been retained. In fact, it was not until November 15 that counsel attempted for the first time to contact her by calling her grandfather, another complaining witness. Counsel's failure to talk to Lisa Ferrara was not caused by her change of address, but rather by her grandfather's refusal to allow counsel to discuss the case with him or his granddaughter when counsel called them on November 15. As it turned out, both complaining witnesses were at the address provided by the People on the date counsel tried to discuss the case with them. In fact, it was not until November 29, the first day of the trial, that defense counsel became aware that Lisa Ferrara had been relocated to another State.

■■ A prosecution witness is not obligated to grant an interview to defense counsel. (*People v. Peter* (1973), 55 Ill. 2d 443, 303 N.E.2d 398;

*People v. Nunn* (1970), 130 Ill. App. 2d 86, 264 N.E.2d 786.) Therefore we can find no prejudice to the defendant where the failure to interview the witness arose from her unwillingness to be interviewed and not the People's failure to notify the defendant of the witness' recent change of address.

Similarly, an examination of the record fails to disclose that at the time of the motion for continuance that the defendant had been embarrassed or prejudiced in preparation of his defense by reason of his hospitalization and subsequent self-imposed seclusion in his fiancee's residence. Quite obviously since the defendant answered ready for trial on November 12, there can be no question raised regarding preparation to that point. On November 15, he became aware of the guilty pleas of his co-defendants and that they would testify against him. He was with his counsel in court that day and had ample opportunity to prepare for that testimony prior to going into the hospital on November 17. Thereafter, on November 24, the time the defendant chose to reside with his fiancee (whose address was known to counsel) and to remain incommunicado until the day before trial, counsel was in possession of the statements of the co-defendants and a full week remained before the commencement of the trial.

Finally, we find no affidavits or testimony presented in the record as required by section 114—4(i) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—4(i)) that the defendant was physically unable to appear in court or assist in his defense, or that such appearance would endanger his health or result in substantial prejudice as would be the basis for a continuance. Therefore we hold that the trial court did not abuse its discretion in denying the motion for continuance on these grounds.

Accordingly the judgment of conviction of the defendant by the Circuit Co rt of Du Page County of two counts of armed violence and the sentence of two concurrent terms of imprisonment of one to three years are affirmed.

Affirmed.

RECHENMACHER and NASH, JJ., concur.