THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DONALD R. LANGFORD, Defendant-Appellant.

Fifth District   No. 5—91—0522

Opinion filed July 1, 1993.—Rehearing denied July 29, 1993.

William R. Kelly, of Peoria, for appellant.

Michael Kiley, State's Attorney, of Shelbyville (Norbert J. Goetten, Stephen E. Norris, and Kendra S. Mitchell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LEWIS delivered the opinion of the court:

Defendant appeals from his conviction of the offense of buying timber while his license was revoked. (Ill. Rev. Stat. 1989, ch. 111, par. 713.) Defendant raises three issues on appeal, but due to our ruling, we discuss only the first issue raised: Whether the trial court erred in denying defendant's motion for substitution of judge. For reasons more fully explained below, we hold that the court erred in not granting defendant's motion for change of judge, and thus, we reverse and remand for a new trial.

In order to clarify our decision, we relate only those facts pertaining to the issue regarding the motion for substitution. On April 30, 1990, defendant was charged with the offense of buying timber while his license was revoked (Ill. Rev. Stat. 1989, ch. 111, par. 713), and on the same day, defendant was informed that Judge E.C. Eberspacher was assigned as the presiding judge on the case. Judge Eberspacher had not made any rulings on defendant's case at that time.

Nine days later, defendant filed a motion for substitution of judge, consisting of four paragraphs. The first three paragraphs alleged that the cause was pending before Judge Eberspacher, that the cause had been placed on his trial docket less than 10 days prior to filing the motion, and that defendant believed that he could not receive a fair and impartial trial before Judge Eberspacher. The fourth paragraph alleged that defendant feared he would not receive a fair and impartial trial before a second judge, Richard Brummer. The motion did not include any supporting affidavits or any reference to the statute under which it was brought.

The day the motion for substitution was filed, Judge Eberspacher ruled on the motion, via docket sheet entry and without notice to either party or any hearing. The order stated that defendant's motion for substitution of the two judges was filed pursuant to section 114—5(d), rather than section 114—5(a), of the Code of Criminal Procedure of 1963, because section 114—5(a) specifically provides that a defendant may name only one judge as prejudiced. (Ill. Rev. Stat. 1989, ch. 38, pars. 114—5(a), (d).) The judge ruled in the May 9 docket order that the motion for substitution claimed actual prejudice pursuant to section 114—5(d). (Ill. Rev. Stat. 1989, ch. 38, par. 114—5(d).) The judge set the motion for hearing before Judge Plummer 22 days after

the case had been assigned to Judge Eberspacher. The judge further ordered the clerk of the court to send a copy of the docket order to all counsel of record.

Defendant did not request to amend his motion for substitution of judge, nor did he file any affidavits in support of his motion. At the hearing on the motion for substitution, Judge Plummer treated the motion as one for cause rather than for automatic substitution, over defendant's statements to the contrary. Because the arguments of defendant's attorney and the findings of the court are essential to our determination of this case, we set forth the relevant portions of that hearing verbatim:

"THE COURT: *** We have a motion for substitution of judge, is that correct?

MR. KELLY [attorney for defendant]: That is correct.

* * *

MR. KELLY: *** We have attempted to file a motion, a ten-day motion as a matter of right asking for substitution of judge pursuant to section 114—5 of chapter 38 of the Illinois Revised Statutes. The statute is clear that upon the filing of such a motion, the court shall proceed no further in the cause and we believe it was error *** for Judge Eberspacher to have made any kind of ruling with regard to the motion we filed. The statute is clear that he shall transfer it to another judge not named in the motion. I am not clear why the Judge felt compelled to make some kind of ruling that we had filed a motion *** alleging actual prejudice when it is obvious we have attached no affidavit which the statute would require if we were making such a motion so by some circular reasoning, he has ruled that our motion for substitution of judge by right is not such a motion and that it is another motion ***. For the record, we have filed a motion requesting a change from Judge Eberspacher as a matter of right. That's all we have asked.

* * *

THE COURT: *** I take it, counsel, *** your position is that the defendant need not present any argument in support of the motion on the basis that by the filing of the motion, that should have resulted in automatic transfer.

MR. KELLY: I will say, judge, I made one error and I want to state on the record I made that error. I drafted the motion for substitution without having the statute in front of me and I added as a fourth paragraph to the motion a second judge *** and I had in my mind that the statute did allow the defendant

to designate two judges. However, upon reading the statute, the statute only allows the designation of two judges where the offense charged is a class X felony or may be punished by life imprisonment so I would withdraw or I think it is meaningless the paragraph 4 of my motion for substitution of judge but beyond that, I think it is a motion for automatic substitution provided by statute.

\* \* \*

THE COURT: Well, counsel, it would appear to the court that the motion that was filed on its face appeared to be a motion to substitute two judges for cause. \*\*\* Now, it may very well be that \*\*\* defense counsel made an error and added that language to the motion but once that is filed, it changed the character of the motion and there was no supporting affidavit attached to the motion. \*\*\* I believe I have to treat that as a motion for substitution for cause. Since there is no attached affidavit and nothing supporting the motion, I am going to deny it.

\* \* \*

MR. KELLY: Judge, are you denying our request to have paragraph 4 withdrawn from our motion?

THE COURT: That is correct, counsel.

MR. KELLY: \*\*\* I would like the record to be clear that the intent of the defendant was to file a motion asking for an automatic substitution of judge within the ten days of it being set on Judge Eberspacher's calendar.

THE COURT: I understand the representations of counsel. The matter is placed back on Judge Eberspacher's calendar.

\* \* \*

MR. KELLY: \*\*\* [I]s it the court's position that because paragraph 4 alleges that the defendant fears he would not receive a fair and impartial trial before Judge Brummer, \*\*\* that it is that language that the court feels it is a motion for substitution alleging actual prejudice as to Judge Eberspacher?

THE COURT: That is correct, counsel."

On June 19, 1990, defendant filed a motion to strike the May 9 docket entry, raising the same arguments he made at hearing on the motion for substitution, requesting the court to strike the docket entry and grant his motion for substitution under section 114—5(a). (Ill. Rev. Stat. 1989, ch. 38, par. 114—5(a).) The motion to strike also contained a paragraph admitting that the motion for automatic substitution as to Judge Brummer should be denied and alleging that the deci-

sion as to the second judge should have no effect on the motion as it relates to the judge assigned to the case.

The next hearing was a pretrial conference, over which Judge Eberspacher presided. Defendant argued that Judge Eberspacher should not preside over any other matters due to defendant's earlier filing of the motion for substitution. Judge Eberspacher responded that the motion for substitution had been resolved by his order of May 9, 1990, and Judge Plummer's order of May 23, 1990. Over defendant's continued objection, Judge Eberspacher continued to preside over all subsequent hearings.

On July 3, 1990, the judge conducted a hearing on defendant's motion to strike the May 9 docket order. At that hearing, defendant argued that the effect of the May 9 docket entry was to deny the motion for substitution, since defendant had not attached any affidavit in support of the motion. Defendant again asked the court to consider the motion as one for automatic substitution. Judge Eberspacher agreed to consider the motion as one for automatic substitution but then denied it because it attempted to name two judges, rather than only one. Defendant again requested that the motion as to Judge Brummer be denied, but the court denied that request. The judge ruled that the motion failed to meet the requirements of the statute because it named more than one judge, and "judges should not have to guess which one of the two the defendant is really serious about recusing and which one he is not."

Defendant went on to argue that the defect of naming the second judge should be considered a technical defect, and that, as to Judge Eberspacher, the motion should be granted, since it was not filed for the purpose of delay and motions for substitution are to be liberally construed. In denying the motion to strike, the judge stated that a motion for substitution does not affect any constitutional rights of the defendant. The order basically found that naming two judges was not a mere technical defect and warranted a denial of the request for substitution. Judge Eberspacher presided over defendant's jury trial. The jury found defendant guilty of buying timber while his license was revoked. (Ill. Rev. Stat. 1989, ch. 111, par. 713.) The judge entered judgment on the guilty verdict and defendant appeals.

■ The statute authorizing a criminal defendant to request a substitution of judges states:

> "Within 10 days after a cause involving only one defendant has been placed on the trial call of a judge the defendant may move the court in writing for a substitution of that judge on the ground that such judge is so prejudiced against him that he

cannot receive a fair trial. Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another judge not named in the motion. The defendant may name only one judge as prejudiced, pursuant to this subsection; provided, however, that in a case in which the offense charged is a Class X felony or may be punished by death or life imprisonment, the defendant may name two judges as prejudiced." Ill. Rev. Stat. 1989, ch. 38, par. 114—5(a).

If the requirements of the statute are met, the right to substitution is automatic and absolute. (*People v. Redisi* (1989), 188 Ill. App. 3d 797, 544 N.E.2d 1136.) If defendant fails to file a motion for automatic substitution within 10 days of the case being placed on the trial call of a judge, he may file a motion alleging actual prejudice if he has facts to support the allegations of actual prejudice and supports the motion with an affidavit. A motion for cause pursuant to section 114—5(d) may be brought at any time. Ill. Rev. Stat. 1989, ch. 38, par. 114—5(d).

The specific and narrow question presented by this case is, where a motion for substitution of judge mistakenly names more judges than allowed, is the defendant allowed to clarify and amend his mistake? Our review of the applicable case law brings us to the conclusion that an ambiguous motion for substitution should not be summarily denied without allowing defendant to clarify his mistake, if he requests such an opportunity.

■ Contrary to the trial judge's statement, section 114—5(a) "effectuates the right to a fair trial—a right of constitutional dimension [citation]—by affording a defendant the substantive right to substitute a judge who appears to be prejudiced." (*People v. Walker* (1988), 119 Ill. 2d 465, 480, 519 N.E.2d 890, 895.) "To fully implement the automatic-substitution-of-judge statute and thereby safeguard the basic right to a fair trial, [the supreme] court has held in a long and unbroken line of cases that the provisions of the statute are to be construed liberally 'to promote rather than defeat' substitution, and that reversible error occurs where the statute is not so construed." (*Walker*, 119 Ill. 2d at 480-81, 519 N.E.2d at 896.) If a motion for automatic substitution is improperly denied, all action by the trial court subsequent to the improper denial is void. *People v. Pace* (1992), 225 Ill. App. 3d 415, 587 N.E.2d 1257.

■ A motion for automatic substitution basically complies with the statute when it is in writing, is filed within 10 days of the case being placed upon the trial call of a judge, and alleges that the judge is so prejudiced that defendant believes he cannot receive a fair trial.

(Ill. Rev. Stat. 1989, ch. 38, par. 114—5(a).) The first three paragraphs of the motion filed by defendant in the case *sub judice* conformed to these requirements. The problem lies in the addition of the fourth paragraph, an addition we feel amounts only to surplusage. The motion was ambiguous: it did not state whether it was under the authority of section 114—5(a) or 114—5(d); the fourth paragraph named a second judge, but that judge had not been assigned to the case; and the motion did not allege facts necessary to support a finding of actual prejudice under section 114—5(d), nor did it include an affidavit of those facts as required for a section 114—5(d) motion for cause. (Ill. Rev. Stat. 1989, ch. 38, pars. 114—5(a), (d).) Therefore, when filed, without further instruction from the defendant, the trial court could not tell whether the motion was intended to be for automatic substitution under section 114—5(a) or for cause under section 114—5(d).

The judge presiding at the hearing on the motion for substitution stated that he believed he had to treat the motion as one for cause, even after defendant indicated that he had made a mistake and had intended to file a motion for automatic substitution. In ruling on defendant's motion to strike, Judge Eberspacher ruled that, as a matter of law, he could not grant the motion because it named two judges. However, we do not agree with either analysis but believe that the real issue is whether a defendant can be prohibited from amending a defective and ambiguous motion. Under the rule of liberal construction, and under the facts of this case, we do not believe that the trial court was authorized to deny the motion after defendant had made it clear that the motion was intended to be filed under section 114—5(a) and that the motion was not intended to be for cause.

Two main reasons have emerged for the denial of an otherwise correct motion: where the motion is determined to be brought for the purpose of delaying or avoiding trial (*People v. Walker* (1988), 119 Ill. 2d 465, 519 N.E.2d 890) or where the judge named in the motion has already ruled on a substantive issue in the case. (*People v. Howell* (1974), 16 Ill. App. 3d 989, 307 N.E.2d 172.) Neither factor is alleged to have been present in this case, and we do not find either from our review of the record. Other defects in a motion for substitution are often held to be "technical defects" not warranting denial of the motion under the liberal construction rule set forth by the Illinois Supreme Court in cases up through *People v. Walker* (1988), 119 Ill. 2d 465, 519 N.E.2d 890. See *People v. Mosley* (1962), 24 Ill. 2d 565, 182 N.E.2d 658 (where a defendant's oral motion was held to entitle him to file a later written motion complying with the statute); *People v. Thomas* (1978), 58 Ill. App. 3d 460, 374 N.E.2d 795 (where filing the

motion more than 10 days after the case assigned to a trial judge was held not to bar the automatic substitution of that judge in a case involving multiple defendants where the defendant filing the motion could not be charged with actual knowledge of the assignment to the judge until the 10 days had passed).

However, there are cases upholding the denial of motions naming more judges than allowed, on the basis that the statute has not been "substantially complied with." A general allegation of prejudice will not support a motion to substitute more judges than the statute allows, and naming more judges than allowed can warrant denial of the motion. (*People ex rel. Kunce v. Hogan* (1977), 67 Ill. 2d 55, 364 N.E.2d 50.) However, none of the cases cited by the State, and no case we have found, deals precisely with the factual situation presented by this case, that the motion mistakenly named two judges but defendant acknowledged and sought to amend the mistake at his first opportunity.

Where the facts of the cases show that the defendant has made a mistake in filing the motion and then requested to correct the mistake, however, the rule favors amendments. Denying a motion for automatic substitution of judge for failure to comply with a strict construction of the statute without a chance to correct the mistake defeats rather than promotes substitution of judges, an outcome which is contrary to the purpose of the law. (*People v. Dieckman* (1949), 404 Ill. 161, 88 N.E.2d 433.) Furthermore, a court should not take it upon itself to rule against an ambiguous motion for substitution by construing it in a way that necessarily defeats the requested substitution. *People v. Dieckman* (1949), 404 Ill. 161, 88 N.E.2d 433.

One case worthy of mention, although not cited by either party, is *People v. Burns* (1989), 188 Ill. App. 3d 716, 544 N.E.2d 466. That case is significant in that it rules that an amendment to a motion for substitution, made later than 10 days after the case is assigned to a judge, is improper. (*People v. Burns* (1989), 188 Ill. App. 3d 716, 544 N.E.2d 466.) The amendment in that case added language alleging prejudice, since the original motion made no such allegation. Thus *Burns* is distinguishable on the basis that the motion made within 10 days in that case was incomplete, whereas, in the case at bar, the 10-day motion was complete but merely added surplus and unnecessary language, which, in our opinion, did not detract from the soundness of the motion otherwise. To the extent, however, that the ruling of *Burns* conflicts with the ruling in this case, we decline to follow it.

■ We hold that the trial court did not provide defendant with a reasonable opportunity to file a motion in compliance with section

114—5(a) (Ill. Rev. Stat. 1989, ch. 38, par. 114—5(a)), and that the denial of defendant's motion for substitution was improper. Therefore, all rulings by the trial court after May 23, 1990, are void. (*People v. Pace* (1992), 225 Ill. App. 3d 415, 587 N.E.2d 1257.) We wish to make it clear, however, that we are not ruling that a defendant is always entitled to amend a motion for substitution. Facts could arise in a particular case showing that the amendment was made for an improper purpose, such as delaying or avoiding trial, or the initial motion could be clear and unambiguous, so that an amendment would not be necessary. Nevertheless, under the facts of this case, the trial court should have allowed the defendant to clear up his mistake and should have granted the motion for substitution. Accordingly, we reverse defendant's conviction and remand the case for a new trial.

Reversed and remanded.

GOLDENHERSH and MAAG, JJ., concur.