NOTICE
Decision filed 07/19/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 200216-U

NO. 5-20-0216

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Franklin County. |
| | ) | |
| v. | ) | No. 15-CF-35 |
| | ) | |
| MARVIN BEERS, | ) | Honorable |
| | ) | Thomas J. Dinn III, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Moore and Cates concurred in the judgment.

**ORDER**

¶ 1     *Held*: We vacate the trial court's judgment resentencing the defendant where the record does not affirmably demonstrate that the defendant was eligible for an extended-term sentence.

¶ 2     The defendant, Marvin Beers, pled guilty on October 4, 2017, to one count of unlawful possession of less than five grams of methamphetamine in violation of section 60(a) of the Methamphetamine Control and Community Protection Act (Act) (720 ILCS 646/60(a) (West 2014)). Pursuant to his plea agreement, the defendant was sentence to 30 months of probation.

1

¶ 3      The State filed a petition to revoke the defendant's probation on April 29, 2019. On August 28, 2019, the defendant made an admission to the allegations in the State's petition to revoke, and on August 30, 2019, the trial court entered a written order finding the defendant in violation of his probation. On November 21, 2019, the defendant was resentenced by the trial court to nine years in the Illinois Department of Corrections followed by a year of mandatory supervised release. The trial court entered its written judgment on November 25, 2019, indicating that the defendant was eligible for, and sentenced to, an extended-term sentence pursuant to section 5-8-2 of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-2 (West 2014)).

¶ 4      The defendant now appeals the trial court's resentencing judgment arguing that the record fails to affirmatively establish that the defendant was eligible for an extended-term sentence. The defendant also argues that the trial court was predisposed to impose a more severe sentence and improperly considered matters outside of the record in aggravation while failing to consider a relevant mitigating factor. For the following reasons, we vacate the trial court's resentencing judgment.

¶ 5                                    BACKGROUND

¶ 6      On January 11, 2015, the defendant was arrested for driving on a suspended license, and pursuant to that arrest, a tow inventory was conducted on his vehicle. Inside the defendant's vehicle, law enforcement recovered a metal spoon and a plastic bag containing a white powder that was later determined to be methamphetamine. On October 4, 2017, the defendant pled guilty to one count of unlawful possession of less than five grams of methamphetamine in violation of section 60(a) of the Act (720 ILCS 646/60(a) (West

2

2014)). Pursuant to his negotiated plea agreement, the defendant was sentenced to 30 months of probation on the same day. The defendant's initial sentencing hearing was presided over by the Honorable Judge Eric J. Dirnbeck. At the sentencing hearing, the trial court asked the State if the defendant was eligible for an extended-term sentence. The State explained that:

"[Defendant] was convicted in Perry County Case No. 2001-CF-218, possession of controlled substance, and was sentenced to four years in the Illinois Department of Corrections. Therefore, I believe he is extended-term eligible, Your Honor. I believe that must have been a Class 3 felony."

¶ 7 The trial court responded:

"Okay. Well, I will advise him then as if he were to be. I don't know, you know, whether—you have the issue of timing, too. If that is a '1' case and it is four years, when did he get out? When was this case—you know, how did that fit together with when this was alleged to have been committed? But it's close, so I will advise him as if he is.

Anyway, so the possible sentencing if you were to be convicted of this offense and you did not have this agreement are as follows: two to five years in the Department of Corrections. The extended term is five to ten years, which you might be eligible for. You could be sentenced in the extended term at the discretion of the sentencing judge in this case later on or if you did not have his agreement."

¶ 8 On April 29, 2019, the State filed a petition to revoke the defendant's probation. According to the State's petition to revoke, the defendant failed to report to his probation

officer on December 27, 2018, and January 18, 2019, in Williamson County, and failed to report in February, March, and April 2019 in Franklin County. The State's petition to revoke also alleged that the defendant failed to appear at his review hearing on February 22, 2019. On August 28, 2019, the defendant appeared before the trial court, waived his right to a hearing, and admitted the allegations in the State's petition to revoke his probation. The defendant also waived his right to be resentenced by Judge Eric J. Dirnbeck. The trial court entered a written order on August 30, 2019, finding the defendant in violation of his probation and ordering the probation officer to prepare a presentence investigation report (PSI).

¶ 9    The PSI was filed on October 22, 2019, and set forth the defendant's history of delinquency and criminality, which included a 2004 federal conviction for conspiracy to manufacture and distribute methamphetamine and cocaine.[1] Although the PSI listed the class of the defendant's convictions along with the sentences imposed, the PSI failed to indicate the sentencing dates or the dates that the defendant was in custody pursuant to each case.

¶ 10    On November 21, 2019, the trial court conducted a resentencing hearing presided over by the Honorable Judge Thomas Dinn. The State did not present any evidence regarding the defendant's prior convictions at the resentencing hearing. Although the State

---

[1]Case No. 03-CR-40051 was filed on July 15, 2003. The judgment of guilty was entered on April 19, 2004, and the defendant was sentenced to 121 months in the Federal Bureau of Prisons and 60 months of supervised release. The PSI indicated that on August 8, 2011, defendant's supervised release was revoked, and he was sentenced to 18 months in the Federal Bureau of Prisons.

4

requested that the defendant be resentenced to four years in the Illinois Department of Corrections, the trial court informed the defendant as follows:

"All right. The Court has considered arguments of the counsel, the defendant's statement in allocution, the presentence investigation report, which also provides the Court with the information that to incarcerate you in the Department of Corrections would cost the taxpayers $26,000 a year. That was in 2016.

[Defendant], I have been involved as a prosecutor and a judge in this county for quite some time. You are not a stranger to me. I was aware of some of your criminal history, but I guess not the full extent of your criminal history. You have quite possibly one of the worst criminal histories I have seen. Just abysmal, absolutely horrible criminal history. Which you know full well, right? No secret to you.

* * *

You're extended term eligible. You are looking at two to ten years on this Class 3 felony. You knew that when you pled guilty and got probation. You followed that up with two more convictions, it looks like.

You don't report to probation. You don't do anything that you are told. That would be—I think people would question my sanity if I were to put you on probation. I'm talking now, [defendant]. So that's not going to happen. Just get that out of your mind. All right?

I feel that I don't find any particular factor in mitigation. In aggravation, obviously, I find a history of prior criminality, which would encompass the '17 case

5

and the other '15 case, which I believe was from another county. All that comes into play.

I'm going to sentence you to nine years in the Department of Corrections, nine years. One-year mandatory supervised release, the cost of the proceedings, nine years. The bill has come due, [defendant]. You have lived the life of the inveterate criminal. That's what you are. Okay?

Here's your pedigree right here, your resume right here. I'm glad to hear that you think you are doing a little bit better. You think that. We don't really have any reason to believe it because you don't report to probation.

Now, I have seen your son in court. He does, however, seem to have stepped off the road that you placed him on, I'm sure, some time ago. So I do have some hope for Corey. I don't have any hope for you. I would be a fool to feel otherwise. You have proven what you are and you are getting sentenced as much. That's it. Nine years, one-year mandatory supervised release, costs. That's it. Am I forgetting anything?"

¶ 11 On November 25, 2019, the trial court entered its written resentencing order executed by the Honorable Judge Eric J. Dirnbeck. The written resentencing order indicated that the defendant was eligible for, and given, an extended-term sentence pursuant to section 5-8-2 of the Code (730 ILCS 5/5-8-2 (West 2014)). The defendant did not file a postsentencing motion and now appeals the trial court's resentencing judgment.

¶ 12                                    ANALYSIS

¶ 13    The first issue that the defendant raises on appeal is whether the trial court erred in resentencing the defendant to an extended-term sentence pursuant to section 5-8-2 of the Code (*id.*) where the record does not affirmatively demonstrate that he was eligible for an extended-term sentence. According to the defendant, the record does not affirmatively establish that the defendant was convicted of a same, similar, or greater class felony within 10 years, excluding time spent in custody, prior to the current conviction. While the defendant states that he "might" be eligible for an extended-term sentence, the defendant argues that the record fails to affirmatively establish that he was "actually eligible" for an extended-term sentence. The defendant acknowledges that he failed to preserve this issue within a written postsentencing motion but argues that this court should review his resentence under a plain error analysis. Under a plain error analysis, the defendant argues that his resentence must be vacated and this matter remanded for a new sentencing hearing.

¶ 14    The State acknowledges that the record is unclear concerning whether the defendant was eligible for an extended-term sentence and agrees that remand is necessary. The State, however, argues that the remand should direct the parties and the court to ascertain the time defendant spent in federal custody for the purpose of determining whether the tolling provision of section 5-5-3.2(b)(1) of the Code would permit the defendant's 2004 federal conviction to be considered a qualifying prior conviction. *Id*. § 5-5-3.2(b)(1).

¶ 15    Illinois courts have long held that an issue is forfeited on appeal unless a party makes an objection at the time of the purported error and specifically raises the issue in a written posttrial motion. *People v. Bowens*, 407 Ill. App. 3d 1094, 1109 (2011). The purpose of

this rule is to encourage parties to raise their concerns in the circuit courts so that the lower courts have an opportunity to correct any alleged errors prior to appeal. *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶ 14. The plain error doctrine, however, is a narrow and limited exception to the general rule of procedural default which allows plain errors or defects affecting substantial rights to be noticed although the error or defect was not brought to the attention of the trial court. *People v. Hillier*, 237 Ill. 2d 539, 545 (2010). An otherwise unpreserved error may be noticed under the plain error doctrine, codified in Illinois Supreme Court Rule 615 (eff. Jan. 1, 1967), if the defendant first demonstrates that a clear or obvious error occurred and then shows that either "(1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing." *Id*.

¶ 16    The trial court's resentencing judgment indicated that the defendant was eligible for, and sentenced to, an extended-term sentence pursuant to section 5-8-2 of the Code. 730 ILCS 5/5-8-2 (West 2014). Section 5-8-2(a) of the Code provides that a "judge may sentence an offender to an extended term as provided in Article 4.5 of Chapter V" if a factor in aggravation set forth in section 5-5-3.2 of the Code is found to be present. *Id.* § 5-8-2(a). Here, the applicable factor in aggravation is set forth under subsection (b)(1) of section 5-5-3.2 of the Code, which states:

"When a defendant is convicted of any felony, after having been previously convicted in Illinois or any other jurisdiction of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody, and such charges are

8

separately brought and tried and arise out of different series of acts[.]" *Id.* § 5-5-3.2(b)(1).

¶ 17 The parties agree, and this court concurs, that the record does not reflect whether the defendant was eligible for an extended-term sentence. The State did not submit any evidence regarding the defendant's prior convictions and, as such, the only documentation considered by the trial court at the resentencing hearing was the PSI. The PSI set forth the defendant's prior offenses, the classification of those offenses, the date of the convictions, and the sentences imposed. The PSI did not, however, contain the dates that the defendant spent in custody for his prior offenses or the dates on which the sentences were imposed.

¶ 18 The time a defendant spent in custody on a previous conviction is excluded from the calculations, and the date of the sentencing order is the date of a conviction for the purpose of determining the 10-year period under section 5-5-3.2(b)(1) of the Code. *Id.*; *People v. Lemons*, 191 Ill. 2d 155, 159 (2000) (citing *People v. Robinson*, 89 Ill. 2d 469, 477 (1982)). As such, a defendant's prior sentencing and custody dates are vital for a trial court's determination of whether a current conviction occurred within 10 years after a previous conviction of the same or similar class felony or greater class felony. While there may be times in which a trial court can clearly determine whether a prior conviction falls within or outside of the 10-year period without these dates, that is not the case in this matter.

¶ 19 The State notes that the PSI evidenced three potentially qualifying prior convictions and acknowledges that two of those convictions would fall outside the 10-year statutory period. The State indicates, however, that it is uncertain whether the defendant's 2004 federal conviction for conspiracy to manufacture and distribute methamphetamine and

9

cocaine would be a qualifying prior conviction. According to the State, it cannot ascertain at this time whether defendant's 2004 federal conviction qualifies as prior conviction under section 5-5-3.2(b)(1) because neither the record nor the existing online federal inmate records demonstrate the defendant's custody dates.

¶ 20     We also note that the State's calculations provided in its brief utilized the date that the defendant was adjudicated guilty in the 2004 federal matter and not the date of the defendant's sentencing. As noted above, the date of the entry of the sentencing order is the date of a conviction for the purpose of determining the 10-year period under section 5-5-3.2(b)(1) of the Code. *Lemons*, 191 Ill. 2d at 159. Therefore, the defendant's sentence and custody dates regarding the defendant's 2004 federal conviction are crucial for the determination of whether the defendant's current conviction fell within 10 years after his federal conviction. Since neither the sentencing dates nor the custody dates regarding the defendant's prior convictions were before the trial court at the resentencing hearing, the defendant has established that a clear error occurred when the trial court failed to ensure that the defendant was eligible for an extended-term sentence prior to resentencing the defendant to an extended-term sentence.

¶ 21     The next step in our plain error analysis is whether the evidence at the resentencing hearing was closely balanced or the error was so egregious as to deny the defendant a fair sentencing hearing. *Hillier*, 237 Ill. 2d at 545. When a trial court fails to base its sentence on the applicable standards and appropriate evidence, the integrity of the judicial process is undermined and a defendant's right to a fair sentencing hearing is violated. *People v. Lewis*, 234 Ill. 2d 32, 48 (2009). In this matter, the trial court resentenced the defendant to

an extended term of incarceration with no evidence of the defendant's sentencing or custody dates regarding his prior convictions on which to base its determination that the defendant had prior conviction that fell within the statutory requirements for imposing an extended-term sentence. Therefore, we find that the trial court's clear error in failing to affirmatively establish that the defendant was extended-term eligible meets the requirement of the second prong of the plain error doctrine as the error was so egregious as to deny the defendant a fair sentencing hearing. Based on the above, we find that the defendant has met the requirements of the plain error doctrine and that the trial court's resentencing judgment must be vacated and this matter remanded.

¶ 22    We disagree, however, with the State's assertion that the remand should be limited to directions for the parties and the trial court to ascertain the time defendant spent in federal custody for purposes of determining whether the tolling provision of section 5-5-3.2(b)(1) of the Code (730 ILCS 5/5-5-3.2(b)(1) (West 2014)) would permit the defendant's 2004 federal conviction to be considered a qualifying prior conviction. Such a remand would be futile if the trial court were to determine that the defendant was not entitled to extended-term sentence since a lower court is prohibited from acting outside the scope of a remand. See *People v. Hall*, 195 Ill. 2d 1, 33 (2000) (a trial court has no authority to act beyond the scope of the mandate, and any order issued by trial court outside the scope of the mandate is void for lack of jurisdiction). Thus, a limited remand would not permit the trial court to resentence the defendant, if necessary, without additional appellate review. The proper remedy for a sentencing error of this nature is to remand for a new

11

sentencing hearing. See *People v. Young*, 2018 IL App (3d) 160003, ¶ 12; *People v. Bailey*, 2015 IL App (3d) 130287, ¶ 16; *People v. Hurley*, 277 Ill. App. 3d 684, 688 (1996).

¶ 23   Next, the defendant argues that the sentencing judge improperly considered matters outside of the record in aggravation. The defendant argues that this court should vacate the resentence and remand with directions that his resentencing be conducted by a different judge. As with the defendant's extended-term sentencing issue, this issue was unpreserved and the defendant must first demonstrate that a clear or obvious error occurred and then show that either the evidence at the sentencing hearing was closely balanced, or the error was so egregious as to deny the defendant a fair sentencing hearing. *Hillier*, 237 Ill. 2d at 545. Since we have already determined that the trial court's resentence judgment is required to be vacated, we will only address the defendant's arguments concerning remand before a different jurist.

¶ 24   The defendant argues that the sentencing judge's comments during the resentencing hearing demonstrate that the trial court considered its personal knowledge of the defendant and his son as an improper aggravating factor. According to the defendant, the sentencing judge's comments concerning the defendant's son indicated that the judge found the defendant responsible for whatever crimes his son had committed or, at the very least, that the defendant was a poor parent who placed his son on a road to criminal activity.

¶ 25   The defendant further argues that the PSI indicated that, other than the present case and a 2014 misdemeanor for the unlawful display of a license plate, the defendant did not have a conviction in Franklin County since 1990. As such, the defendant states that the sentencing judge's comments that the judge had been involved as a prosecutor and a judge

in the county for "quite some time" and that the defendant was "not a stranger" to him demonstrate that the sentencing judge was familiar with the defendant in a manner unrelated to any criminal offenses committed in Franklin County.

¶ 26    The State argues that there is no evidence in the record that explicitly demonstrates that the judge's comments concerning the defendant's son were indicative of the judge considering an improper aggravating factor in imposing the resentence. The State notes that the judge's comments came at the conclusion of the sentencing hearing after the trial court had already stated that it had considered the defendant's prior criminality as a factor in aggravation for its resentencing. As such, the State argues that although the judge's comments were unnecessary, the comments did not constitute an aggravating factor which influenced the ultimate resentence.

¶ 27    A trial court may consider nonstatutory aggravating factors in imposing a sentence where the evidence considered is both relevant and reliable. *People v. Joe*, 207 Ill. App. 3d 1079, 1086 (1991). A trial court may not, however, determine a defendant's sentence based on its own personal knowledge, prejudice, speculation, or conjecture since the consideration of an improper factor in aggravation clearly affects the defendant's fundamental right to liberty except in circumstances where the factor is an insignifant element of the defendant's sentence. See *People v. Cervantes*, 2014 IL App (3d) 120745, ¶ 47; *People v. Dempsey*, 242 Ill. App. 3d 568, 597-98 (1993). Where a reviewing court is unable to determine the weight given to the improper aggravating factor in sentencing, resentencing is required. *Joe*, 207 Ill. App. 3d at 1086. Further, it is improper for a trial court to consider the conduct of another person in aggravation when sentencing a

defendant. *People v. McPhee*, 256 Ill. App. 3d 102, 114 (1993). The fact that a sentencing judge added some personal observations, however, does not always result in error. *People v. Kolzow*, 301 Ill. App. 3d 1, 9 (1998).

¶ 28    In *People v. Varela*, the trial court's comment that the defendant " 'put in motion the series of events which eventually got his brother *** in trouble' " were found on appeal to be an improper consideration during sentencing. *People v. Varela*, 194 Ill. App. 3d 357, 363 (1990). In *People v. Joe*, this court found that the trial court's comments concerning the defendant's responsibility for his brother's conduct were based on irrelevant evidence and an improper consideration in sentencing. *Joe*, 207 Ill. App. 3d at 1086.

¶ 29    In the case at bar, similar to *Varela* and *Joe*, the sentencing court attributed the defendant's son's involvement with criminality to the defendant. The sentencing court stated:

> "Now, I have seen your son in court. He does, however, seem to have stepped off the road that you placed him on, I'm sure, some time ago. So I do have some hope for Corey. I don't have any hope for you. I would be a fool to feel otherwise. You have proven what you are and you are getting sentenced as much. That's it. Nine years, one-year mandatory supervised release, costs. That's it."

¶ 30    The record before the trial court did not contain any information regarding defendant's son's past criminality, if any. Therefore, the judge's statement could have only been based on the judge's own personal knowledge. Although the State is correct that the judge's comments concerning the defendant's son were made chronologically after the

14

resentence was initially announced, the comments were made during the judge's elocution on the resentence and the judge stressed the resentence upon completion of the comments.

¶ 31    When viewing the above statement along with the judge's other comment that the defendant was "not a stranger," we find that the defendant has demonstrated that a clear error occurred when the sentencing judge considered an improper aggravating factor based upon his personal knowledge in resentencing the defendant.

¶ 32    Under our plain error analysis, we must next determine whether the evidence at the sentencing hearing was closely balanced, or the error was so egregious as to deny the defendant a fair sentencing hearing. *Hillier*, 237 Ill. 2d at 545. As stated above, the consideration of an improper factor in aggravation during sentencing clearly affects the defendant's fundamental right to liberty except in circumstances where the factor is an insignificant element of the defendant's sentence. See *Cervantes*, 2014 IL App (3d) 120745, ¶ 47; *Dempsey*, 242 Ill. App. 3d at 597-98. Based on the record, we are unable to determine the weight given to the improper aggravating factor and, as such, cannot determine that the improper factor was an insignificant element of the defendant's sentence.

¶ 33    Therefore, we find that the error was egregious enough as to deny the defendant a fair sentencing hearing and that remand with directions that the defendant's resentencing be conducted before another judge is appropriate to remove any suggestion of unfairness. Since we are directing that the defendant's resentencing be conducted by another jurist, we will not address defendant's remaining issues of whether the trial court was predisposed to

15

impose a more severe sentence or failed to consider the defendant's steady employment in mitigation since the issues are now moot.

¶ 34    Finally, the defendant states that he received ineffective assistance of counsel at his resentencing hearing. In his argument regarding the plain error doctrine, the defendant asserts that the errors brought within this appeal were also forfeited through his counsel's failure to make the proper objections during the resentencing hearing and counsel's failure to preserve the errors by filing a proper postsentence motion. The defendant then cites the two-part analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), without any argument, citation to the record, or precedent concerning how his counsel's representation fell within the *Strickland* analysis.

¶ 35    As previously noted, issues not raised in a posttrial motion are forfeited for review on appeal. *People v. Nielson*, 187 Ill. 2d 271, 296 (1999). In Illinois, issues that must be raised in a direct appeal include a constitutional claim alleging ineffective assistance of counsel. *People v. Veach*, 2017 IL 120649, ¶ 47. If not raised in the direct appeal, a defendant risks the claim being deemed procedurally defaulted. *Id*. Forfeiture does not, however, bar review of an issue when the forfeiture arises from the ineffective assistance of counsel. *People v. Moore*, 177 Ill. 2d 421, 428 (1997). A defendant cannot, however, simply state that he received ineffective assistance of counsel in an effort to avoid forfeiture. In order to effectively raise an ineffective assistance of counsel claim, a defendant is required to allege both deficient performance and prejudice to the defendant. *People v. Gaines*, 105 Ill. 2d 79, 92-93 (1984) (discussing two-part test set forth in *Strickland*, 466 U.S. 668). The deficient performance prong of the *Strickland* analysis

16

requires that a defendant demonstrate that counsel's representation fell below an objective standard of reasonableness, and the prejudice prong of the *Strickland* analysis requires a reasonable probability that the results of the proceedings would have been different but for the unprofessional errors. *Strickland*, 466 U.S. at 687; *People v. Albanese*, 104 Ill. 2d 504, 525-26 (1984).

¶ 36 The defendant argues that he was denied effective assistance of counsel without any argument, citation to the record, or precedent concerning how counsel's representation fell below an objective standard of reasonableness or that there was any probability that the results of the resentencing proceedings would have been different but for counsel's errors. We also note that the defendant did not state an ineffective of assistance of counsel claim as an issue presented for this court's review nor does he include a prayer for relief that this court remand with directions for the appointment of new counsel.

¶ 37 A reviewing court is entitled to have all the issues clearly defined and be provided with meaningful, coherent argument and citation to pertinent authority. Illinois Supreme Court Rule 341(h)(7) requires, in part, "[a]rgument, which shall contain the contentions of the appellant and reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Subsection (8) of Rule 341(h) requires a short conclusion stating the precise relief sought. Ill. S. Ct. R. 341(h)(8) (eff. Oct. 1, 2020). The defendant's argument on ineffective assistance of counsel has neither and fails to meet the requirements of subsections (7) and (8) of Rule 341(h). Ill. S. Ct. R. 341(h)(7), (8) (eff. Oct. 1, 2020). Therefore, the defendant has failed to articulate an

17

organized and cohesive legal argument of ineffective assistance of counsel for this court's consideration and has forfeited this issue on appeal.

¶ 38                              CONCLUSION

¶ 39    For the foregoing reasons, we vacate the resentencing judgment of the trial court and remand the cause for a new resentencing hearing before a different judge.


¶ 40    Vacated and remanded with directions.